IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PAMELA BATES                                                                                                    PLAINTIFF

vs.                                              Civil No. 2:22-cv-02124

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                                                          DEFENDANT

### MEMORANDUM OPINION

Pamela Bates ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed her disability application on April 11, 2019. (Tr. 22). In this application, Plaintiff alleges being disabled due to hypertension, diabetes, a heart condition, and asthma. (Tr. 267). Plaintiff alleges an onset date of April 4, 2019. (Tr. 22). This application was

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 10. These references are to the page number of the transcript itself not the ECF page number.

denied initially and again upon reconsideration. *Id.* Thereafter, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 45-82).

On May 13, 2021, the ALJ held an administrative hearing. (Tr. 45-82). At this hearing, Plaintiff was present and was represented by Davis Duty. *Id.* Plaintiff and Vocational Expert ("VE") Jim Spragins testified at the administrative hearing. *Id.* On October 27, 2021, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 19-44). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2024. (Tr. 25, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 4, 2019, her alleged disability onset date. (Tr. 25, Finding 2).

The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the cervical and lumbar spine, diabetes mellitus with neuropathy, bilateral plantar fasciitis, obstructive sleep apnea, asthma, hypertension, anemia, peripheral edema, and chronic pain syndrome. (Tr. 25-26, Finding 3). Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 26-28, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 28-36, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can occasionally climb, balance, stoop, kneel, crouch, and crawl. She can occasionally reach bilaterally and can frequently, but not constantly, handle and finger bilaterally. She also can occasionally push, pull, and operate foot controls with her lower extremities bilaterally. The claimant must avoid concentrated exposure to temperature extremes, humidity, vibration, fumes,

>   odors, dusts, gases, poor ventilation, and hazards, including no driving as part of the claimant's work.

*Id.* The ALJ determined Plaintiff was forty-three (43) years old, which is defined as a younger individual under 20 C.F.R. § 404.1563(c) (2008), on her alleged disability onset date. (Tr. 37, Finding 7). The ALJ determined Plaintiff had at least a high school education. (Tr. 37, Finding 8).

The ALJ determined Plaintiff was unable to perform any of her Past Relevant Work ("PRW"). (Tr. 36-37, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 37-38, Finding 10). The VE testified at an administrative hearing regarding her ability to perform other occupations. *Id.*

Specifically, the VE testified Plaintiff retained the capacity to perform the following light, unskilled occupations: (1) photo processing counter clerk with 1,800 such jobs in the nation; (2) tanning salon attendant with 4,000 such jobs in the nation; and (3) public area attendant with 4,600 such jobs in the nation. (Tr. 37-38, Finding 10). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff was not under a disability, as defined in the Act, from April 4, 2019 through the date of his decision or through November 1, 2021. (Tr. 38, Finding 11).

Plaintiff requested the Appeal's Council's review of this unfavorable decision. (Tr. 1-6). The Appeals Council denied this request on July 13, 2022. *Id.* Thereafter, on July 28, 2022, Plaintiff appealed her administrative case to this Court. ECF No. 1. The Parties consented to the jurisdiction of this Court on July 29, 2022. ECF No. 5. Both Parties have filed their appeal briefs, and this matter is now ripe for consideration. ECF Nos. 14, 16.

**2. <u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 14. Specifically, Plaintiff raises the following three arguments for reversal: (A) the ALJ erred in assessing her severe impairments of depression and cardiac impairments; (B) the ALJ erred in assessing her RFC; and (C) the ALJ erred in finding she could perform other work. ECF No. 14 at 1-28. The SSA has responded to Plaintiff's claims and argues there is no basis for reversal. ECF No. 16.

**A.  Severe Impairments**

Plaintiff claims the ALJ erred in assessing her severe impairments of anxiety, depression, and a heart condition. ECF No. 14 at 17-19. A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her

5

basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

### 1. Depression and Anxiety

For Plaintiff's depression and anxiety, the ALJ properly determined these impairments were non-severe. As an initial matter, Plaintiff did not even allege in her application that she was disabled due to depression or anxiety. (Tr. 267). Furthermore, at the administrative hearing in this matter, Plaintiff denied seeking treatment for her anxiety and depression:

Q: All right. And did you ever receive any psychological or counseling or treatment?

A: No, sir.

Q: Okay.

. . .

Q: Okay. What—she—you said—you said you're—you're not taking your medication for depression. How about your anxiety?

A: I take inhalers when I have anxiety real bad.

(Tr. 65).

Plaintiff's primary care provider, advanced practice registered nurse (APRN) April Revis, consistently documented normal mood, affect, behavior, thought content, and judgment. (Tr. 667, 675, 681, 688, 693, 697, 703, 708, 711, 938, 945, 956, 998, 1060). During other examinations, Plaintiff denied depression. (Tr. 646, 890, 899). Depression screening was generally normal. (Tr. 938, 946, 958, 989, 1002, 1012, 1020, 1112). While Plaintiff may have experienced depression and anxiety, she has presented no evidence that her mental impairments more than slightly impact her ability to perform basic work activity. Ultimately, the claimant bears the burden of proving disability and providing medical evidence regarding the existence and severity of an impairment.[2] *See Kamann v. Colvin,* 721 F.3d 945, 950 (8th Cir. 2013).

### 2. Cardiac Impairment

Plaintiff alleged being disabled due to a congenital heart condition. (Tr. 267). Plaintiff claims the ALJ improperly found this impairment was non-severe. ECF No. 14 at 17-19. Upon review, however, the Court finds no basis for reversal on this issue.

The evidence of record demonstrates Plaintiff has a congenital heart condition for which she underwent surgical repair as a child and at the age of 21, over 20 years before claiming disability. (Tr. 33, 618, 1171). Moreover, the evidence of record fails to show functional limitations due to a heart condition. (Tr. 33). The record consistently showed normal heart rate, regular rhythm, and normal pulmonary findings. (Tr. 619, 667, 675, 681, 688, 693). During a subsequent stress test in November of 2019, Plaintiff achieved 92% of her maximum predicted heart rate, her functional

---

[2] Plaintiff also submitted post-hearing evidence from a one-time examining clinical psychologist. (Tr. 9-13). Even though this report demonstrates Plaintiff has severe limitations due to her anxiety and depression, this report is essentially a "checklist" form that is inconsistent with the other evidence of the record and would not change the outcome of this decision.

7

capacity was normal, and her heart rate response to stress was normal. (Tr. 33-34, 631-32). Plaintiff routinely denied chest pain and shortness of breath. (Tr. 646, 665, 673, 686, 701, 706, 710, 1075, 1122, 1249, 2349).

Based upon this evidence, the ALJ correctly determined Plaintiff did not meet her burden of demonstrating her cardiac condition was severe. As such, the Court finds no basis for reversal on this issue.

### B. RFC Assessment

Plaintiff claims the ALJ erred in finding she retained the capacity to perform light work. ECF No. 14 at 19-26. Specifically, Plaintiff claims the ALJ erred in considering her physical and mental limitations and in including them in the RFC assessment. *Id.* Upon review, however, the ALJ fully considered Plaintiff's medical records and assessed her RFC. (Tr. 28-37).

The ALJ also assessed Plaintiff's subjective complaints and noted the following:

> The claimant completed two Function Reports containing the following allegations. She lived in in a house with her ex-husband. She stated that she was unable to work due to severe fatigue, shortness of breath, chronic diarrhea, swelling of her feet and legs, and low back pain. However, she was able to perform personal care tasks, prepare simple meals, and perform limited household chores, including light cleaning and the laundry, but was unable to prepare large meals. In the second Function Report, she did indicate some difficulty with personal care, now noting difficulty dressing due to swelling in her feet, bending over causing pain when dressing or washing her feet, and she needs to take breaks when caring for her hair due to fatigue and shortness of breath. She continues to be able to drive and go out it alone, as well as shop for groceries on a weekly basis.

(Tr. 29).

The RFC is the most a claimant can do, it is based upon all of the relevant evidence, and it is the ALJ's duty to formulate a claimant's RFC. *See* 20 C.F.R. §§ 404.1545, 404.1546. In the opinion, the ALJ provided a detailed discussion of the objective medical evidence and examination findings. (Tr. 30-35).

As the ALJ properly noted, objective testing supported cervical and lumbar spine degenerative changes, but it also demonstrated a normal neck range of motion. (Tr. 30-31, 666, 675, 681, 688, 693, 697, 1078). The ALJ also considered Plaintiff's response to treatment. For instance, the record shows that medication improved Plaintiff's lower extremity edema. (Tr. 32, 646, 665, 673, 675, 691, 701, 726). Plaintiff's asthma also responded to treatment. (Tr. 619, 667, 675, 681). Finally, Plaintiff's plantar fasciitis and neuropathy pain also responded to treatment. (Tr. 647, 1454). Thus, based upon this review and the Court's review of the entire record, the Court finds Plaintiff's RFC determination is supported by substantial evidence in the record. Accordingly, Plaintiff has offered no basis for reversal on this issue.

C. **Other Work Determination**

Plaintiff claims the ALJ erred in assessing her ability to perform other work. ECF No. 14 at 26-28. Plaintiff claims that because the RFC determination was improper, the ALJ's hypothetical to the VE was also improper. *Id.* As noted above, however, the ALJ properly assessed Plaintiff's RFC, and that determination is supported by substantial evidence in the record.

Testimony from a vocational expert based upon a properly phrased hypothetical question constitutes substantial evidence supporting the ALJ's decision. *See Milam v. Colvin,* 794 F.3d 978, 985-86 (8th Cir. 2015). Because the ALJ's RFC determination was proper, the hypothetical based upon that RFC determination was also proper, and the ALJ was permitted to rely on the VE's response to that properly-phrased hypothetical.

4. **Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's disability determination is supported by substantial evidence in the record. As such, this case is affirmed. A judgment

incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 3rd day of April 2023.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE